Eastern District of Kentucky
**FILED**

OCT 2 0 2021

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. 7:20-CR-021-S-CHB |
| v. | ) | |
| | ) | |
| CHARLES EVANS HALL, JR., | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

### Introduction - 1.01

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**INSTRUCTION NO. 01 - 1.02**

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during this case.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 02 - 1.03

As you know, the defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 03 - 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 04 - 1.05**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**INSTRUCTION NO. 05 - 1.06**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 06 - 1.07

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 07 - 1.08

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**INSTRUCTION NO. 08 - 1.09**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes are not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 09 – 2.01A

The defendant has been charged with more than one crime. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## INSTRUCTION NO. 10 – 16.01

### Count 1

Count 1 of the Superseding Indictment charges the defendant with using a minor to engage in sexually explicit conduct to produce a visual depiction. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> First: That the defendant knowingly used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and
>
> Second: That the visual depiction was transmitted using any means or facility of interstate or foreign commerce.

Now I will give you more detailed instructions on some of these terms.

(a) The term "visual depiction" includes data stored by electronic means which is capable of conversion into a visual image; and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

(b) The term "minor" means any person under the age of 18 years.

(c) The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions.

(d) The term "sexually explicit conduct" means actual or simulated sexual intercourse, masturbation, and lascivious exhibition of the genitals or pubic area of a person. In deciding whether an exhibition is lascivious, you may consider these six factors: (1)

whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

(e) The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, or advertising.

(f) The term "means or facility of interstate commerce" includes the internet or the telephone.

It is not necessary that the government prove that the defendant took the pictures.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 11

## Count 2

Count 2 of the Superseding Indictment charges the defendant with cyber stalking. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> First: That the defendant possessed the intent to injure, harass, or intimidate Laura Colosi;
>
> Second: That the defendant pursued that intention through a course of conduct that makes use of any electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; and
>
> Third: That the defendant's conduct in fact caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to Laura Colosi.

The first element the government must prove beyond a reasonable doubt is the defendant possessed the intent to injure, harass, or intimidate Laura Colosi. "Intent to injure" means to act with the specific intent to harm the physical, emotional, or mental well-being of a particular individual. "Intent to harass" means to act with the specific intent to disturb or to torment persistently. "Intent to intimidate" means to act with the specific intent to make timid or fill with fear.

"Specific intent" means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids with the specific intent or purpose of causing a desired result in a particular individual. "Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident. Specific intent may be determined from all the facts and

circumstances surrounding the case.

The second element the government must prove beyond a reasonable doubt is the defendant pursued the intention to injure, harass, or intimidate through a course of conduct that makes use of any electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce. A "course of conduct" is defined as a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. The government must establish beyond a reasonable doubt that the defendant engaged in two or more acts which demonstrated a continuity of purpose to cause, attempt to cause, or which would reasonably be expected to cause substantial emotional distress to Laura Colosi. You may consider each communication or attempted communication between the defendant and Laura Colosi to be a separate act.

In order to find the defendant guilty, you must unanimously agree that the government has proven beyond a reasonable doubt that the defendant engaged in a course of conduct. While you are required to unanimously agree that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of the crime charged, you are not required to unanimously agree on which two or more acts constitute the course of conduct.

The government must also prove beyond a reasonable doubt that in pursuing the course of conduct, the defendant made use of any electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce. An "electronic communication service" is any service that provides users the ability to send or receive wire or electronic communications. An "electronic communication system" is any wire, radio, electromagnetic, photo optical, or photoelectronic facility for the transmission of wire or electronic communications and any computer facility or related electronic equipment for

the electronic storage of such communications. Transmission of a communication by means of the internet constitutes transportation in a facility of interstate commerce regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication was actually transmitted by means of the internet.

The third element the government must prove beyond a reasonable doubt is the defendant's conduct in fact caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to Laura Colosi. "Substantial emotional distress" means substantial mental distress, mental suffering, or mental anguish, and includes depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain. When considering whether the intended course of conduct would be reasonably expected to cause substantial emotional distress to Laura Colosi, you must consider whether, in light of the evidence presented in this case, an ordinary or reasonable person in the same or similar circumstances as Laura Colosi would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**INSTRUCTION NO. 12 – 2.04**

Next, I want to say a word about the dates mentioned in the Superseding Indictment.

The Superseding Indictment charges that Count 1 happened "on or about January of 2018, the exact date unknown, and continuing through on or about November 20, 2018." The Superseding Indictment also charges that Count 2 happened "in or about November 2018, the exact date unknown and continuing through in or about February 2020, the exact date unknown." The government does not have to prove that each crime happened on that exact date. But the government must prove that each crime happened reasonably close to that date.

## INSTRUCTION NO. 13 – 2.08

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 14 – 2.12

Although the Superseding Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**7.01**

That concludes the part of my instructions explaining the elements of the crimes.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 15 – 7.02B

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## INSTRUCTION NO. 16 - 7.03

You have heard the testimony of KSP Forensic Examiner Nathanael Ferrero and Detective Josh Clevenger who testified as an opinion witness.

You do not have to accept the opinions of KSP Forensic Examiner Nathanael Ferrero and Detective Josh Clevenger. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 17 - 7.03A

You have heard the testimony of Detective Josh Clevenger, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Detective Josh Clevenger's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 18 - 7.04

You have heard the testimony of Laura Colosi and Brandee Caudill.  You have also heard that before this trial Laura Colosi and Brandee Caudill made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable each witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating each witness's testimony here in court.

## INSTRUCTION NO. 19 - 7.08

You have heard the testimony of John Cioc and Elizabeth Nicole Cioc. You have also heard that they were involved in the same crime that the defendant is charged with committing. You should consider John Cioc's and Elizabeth Nicole Cioc's testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe that testimony beyond a reasonable doubt.

## INSTRUCTION NO. 20 - 7.10

You have heard the testimony of Laura Colosi and Zachary Hall, both young witnesses. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

## INSTRUCTION NO. 21 - 7.11

You have heard the testimony of Kelli Roseberry, who has identified the defendant as the person who was in certain photographs and videos. You should carefully consider whether this identification was accurate and reliable.

In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time. For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

Consider all these things carefully in determining whether the identification was accurate and reliable.

Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crimes charged.

### INSTRUCTION NO. 22 - 7.12A

During the trial you have seen or heard summary evidence in the form of excel spreadsheets and PowerPoint presentations.  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

## INSTRUCTION NO. 23 - 7.13

You have heard testimony that the defendant may have committed a crime other than the ones charged in the Superseding Indictment.  If you find the defendant committed another crime, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, preparation, or plan.  You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the Superseding Indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

**INSTRUCTION NO. 24 – 7.14**

You have heard testimony that after the crime was supposed to have been committed, the defendant deleted saved material from his Snapchat account.

If you believe that the defendant deleted saved material from his Snapchat account, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may delete saved material from their Snapchat account for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

**INSTRUCTION NO. 25 - 7.20**

You have heard evidence that the defendant, Charles Evans Hall, Jr., made a statement in which the government claims he admitted certain facts.   It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

## INSTRUCTION NO. 26 - 7.21

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

Letcher County is in the Eastern Judicial District of Kentucky.

**8.01**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the physical exhibits that were admitted in evidence, you may send me a message, and that exhibit will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**INSTRUCTION NO. 27 – 8.02**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 28 – 8.03**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### INSTRUCTION NO. 29 – 8.04

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 30 – 8.05

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 31 – 8.06

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 32 – 8.08

Remember that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 33 – 8.09

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 34 – 8.10

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.