UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:20-cr-21-S-CHB

UNITED STATES OF AMERICA                                                                             PLAINTIFF

VS.

CHARLES EVANS HALL, JR.                                                                              DEFENDANT

**SENTENCING MEMORANDUM**

    Comes the Defendant, Charles Evans Hall, Jr., by and through counsel, and files the following memorandum to aid the Court in determining his appropriate sentence. The Defendant filed several objections to the presentence report, which are further addressed in this memorandum. Additionally, in determining a sentence, the Court is to consider the factors laid out in 18 U.S.C. § 3553(a). The factors to be considered include:

> (1) The nature and circumstances of the offense and the history and characteristics of the Defendant
> (2) The need for the sentence imposed:
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     © to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner.
> (3) The kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established by the guidelines
> (5) Any pertinent policy statement
> (6) The need to avoid unwarranted sentence disparities . . . ; 18 U.S.C. § 3553(a).

This memorandum will address these factors.

<u>Objections to Presentence Report</u>

    The first two objections to the presentence report relate to the summary of relevant

conduct, specifically in paragraphs 29 and 35. These paragraphs contain references to "admissions" made by Charles Hall. Mr. Hall never admitted to having a Snapchat account with the user ID of "jp73185" and never admitted to sending messages on Instagram, as described in the report. While these do not affect the guideline calculation, stating that Mr. Hall admitted these allegations is incorrect and should not be included or considered in sentencing. Had Mr. Hall admitted these allegations, a trial would probably not have been necessary.

      The next objection is to the application of the 2-point enhancement for involvement of a sexual act. The presentence report and the United States indicate the enhancement should be applied because there was testimony at trial from L.C. that Charles Hall engaged in vaginal and oral sex with her. This alleged sexual encounter was not and is not the subject of the charges in the indictment. The jury was never asked to decide whether or not this sexual activity occurred between L.C. and Charles Hall. If the allegations supporting the indictment included allegations that Charles Hall sought, produced, or received photographs of he and L.C. engaged in sexual activity, then the enhancement may be properly applied. However, there was never an allegation that any sexual act occurred between the two during the production of child pornography or cyberstalking. Therefore, the objection should be sustained.

      The next objection is to the application of the 2-point enhancement for distribution. The United States appears to agree that this enhancement does not apply, as Charles Hall was never alleged to have sent pictures to anyone else. The Defendant's position is that the base offense level covers the production of child pornography actions for which he was convicted. This enhancement would apply only if Charles Hall then distributed the pictures to someone else. Therefore, the objection should be sustained.

      The next objection is to the application of the 2-point enhancement for abusing a position

of authority. At first, it appears that since Charles Hall was a teacher, he had a position of authority and that this relationship must have involved his abuse of this authority. However, when he was interviewed and arrested, Charles Hall was not L.C.'s teacher. She was not in any of his classes. At that time, L.C. was a student at the high school. Charles Hall was a teacher at the middle school and alternative school. The application of this enhancement requires that the position of authority have some bearing on the relationship between Charles Hall and L.C. Simply the fact that Charles Hall was a teacher in the same school system is not sufficient to support the enhancement. Therefore, the objection should be sustained.

      The next objection is to the application of the 2-point enhancement for the involvement of someone under the age of 18. The probation office and United States now state that the application is appropriate because L.C. fulfilled a dual role as photographer and model. This still does not address the fact that Charles Hall was convicted of production of child pornography and involved only L.C., who was under 18. If she had not been under 18, there would have been no basis for the child pornography charge. To further enhance the base offense level for production of child pornography because the subject was under 18 is duplicative, or double counting. The United States reliance on *United States v. Broxmeyer*, 699 F.3d 265 (2nd Cir) is misplaced, as that case involved application of the enhancement based on the defendant's use of initial pictures of the victim to threaten and coerce the victim to send additional pictures. There is no allegation of this type of conduct occurring. L.C. was the only person involved in the conduct and, therefore, the enhancement does not apply and the objection should be sustained.

      The next objection is to the 2-point enhancements for obstruction of justice. An enhancement under this provision simply because Charles Hall testified in his own defense, contrary to the proof of the United States, does not mean he obstructed justice. Therefore, the

objection should be sustained.

The final objection is to the inclusion of discussion of the prior charge for which Charles Hall was acquitted. This should not be considered by the Court in formulating a sentence, as there was a jury trial and the result of that trial was an acquittal. This should not be considered as part of the characteristics of the Defendant.

Nature and Circumstances of the offense

There is no question the offenses for which Charles Hall was convicted are serious in nature. He does not dispute their seriousness. He disputes their occurrences, but recognizes that a jury has convicted him. It is difficult to mitigate the seriousness of the offenses, but the charges do not include allegations of widespread distribution, involving multiple victims. Suffice it to say, while these offenses are serious, there are those that have been convicted of much worse.

Characteristics of the Defendant

The presentence report details much of Charles Hall's working career and personal background. Charles Hall is well-educated and good at his profession. He was a good teacher and educator. He was a long-time coach and was involved with many school activities, above and beyond what was expected of him as an employee. He did volunteer work with several different organizations. He has no criminal record.  He does not abuse alcohol or any other substances.

Kinds of Sentences Available and Guideline Calculations

Given the nature of the offenses of which Charles Hall was convicted, even a mandatory minimum sentence is severe. The statutory minimum is 15 years. The statutory maximum is 30 years for the production charge and 5 years for the stalking charge. The guidelines, according the calculations of the presentence report, recommend a life sentence. However, as the report points

out, due to the statutory maximum, the guideline sentence is 420 months, which is the 35-year maximum, considering both the production and stalking maximums consecutively.

If the objections to the presentence report are sustained, the offense level would decrease to 41. At 41, the guideline range decreases to 324 to 405 months. For reference, 30 years is 360 months.

Need for the Sentence Imposed

There is a need for a lengthy sentence for the criminal acts for which Charles Hall has been convicted. However, even the 15-year minimum is severe and more than sufficient to address each of the factors listed in 18 U.S.C. § 3553(a)(2). 15 years, or 180 months, reflects just how serious these offenses are and provides deterrence for both Charles Hall and the public.

Need to Avoid Disparity in Sentencing

The United States Sentencing Commission website includes am interactive data analyzer, relating to several categories of information, including sentence length. When considering the child pornography crimes in Eastern District of Kentucky, when the Defendant has a criminal history of I, the average sentence imposed is 154 months. In the 6th Circuit, the average sentence imposed is 122 months. Admittedly, this accounts for all child pornography crimes. However, when considering cases sentenced under USSG § 2G2.1, which applies in Charles Hall's case, and with a criminal history category of I, the average sentence length is 285 months in the Eastern District of Kentucky and 283 months in the 6th Circuit. The nationwide average is 264 months.

CONCLUSION

Defendant Charles Hall respectfully seeks a sentence below the guideline range, closer to the 15-year minimum or, at least, nearer to the nationwide average sentence or Eastern District

of Kentucky average sentence described above, with a substantial term of supervised release. We ask that no fine be imposed as he is indigent and cannot afford to pay a fine. We understand that restitution will be addressed at a later date. This sentence is sufficient, but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ Patrick E. O'Neill
PATRICK E. O'NEILL
1029 College Ave Suite 101
Jackson, Kentucky 41339
Phone: (606) 666-2990
Fax: (606) 666-9084
Email: peoneill@bellsouth.net
ATTORNEY FOR CHARLES HALL

**CERTIFICATE**

I certify that on this the 18th day of February, 2022, I filed this document using the CM/ECF system, which will send notice of electronic filing to counsel of record.

/s/ Patrick E. O'Neill
ATTORNEY FOR DEFENDANT